UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-2019-DMG (JDEx)** | Date | September 30, 2025 |
|---|---|---|---|
| Title | ***Heather Moore v. Reimagine Network*** | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On September 8, 2025, Plaintiff Heather Moore filed this putative class action against Defendant Reimagine Network asserting jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d). [Doc. # 1 ("Compl.").] In her Complaint, Moore asserts negligence and California Unfair Competition law claims against Reimagine Network. *Id.* at ¶¶ 78–107. Plaintiff, as the party invoking the court's jurisdiction, has the burden of showing by a preponderance of the evidence that the putative class satisfies the CAFA requirements. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 399, 400 (9th Cir. 2010).

In the Complaint, Plaintiff alleges that she is a citizen of South Carolina and that Defendant is a corporation with its principal place of business in California. *Id.* at ¶¶ 15, 21. Plaintiff alleges in conclusory fashion that the "absent Class members and Defendant are citizens of different states," but fails to allege where Defendant is incorporated. *Id.* A corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)). It is unclear whether Plaintiff's description of Defendant as a "California nonprofit corporation" refers to its principal place of business, its state of incorporation, or both. *See* Compl. at ¶ 25.

Furthermore, 28 U.S.C. section 1332(d)(4)(B) provides a "home state" exception to CAFA jurisdiction, by which "a district court shall decline to exercise jurisdiction" where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Defendant is a citizen of California and it is possible that two-thirds or more of the members of putative classes are citizens of California. Plaintiff brings a class of "[a]ll persons in the United States whose Private Information was accessed and/or exfiltrated during the Data Breach incident" and a California subclass of California residents. Compl. at ¶ 68.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-2019-DMG (JDEx)** | Date | September 30, 2025 |
| Title | ***Heather Moore v. Reimagine Network*** | Page | 2 of 2 |

      In addition, the Complaint includes only a conclusory allegation that the amount in controversy exceeds $5,000,000.  *Id.* at ¶ 22.  At most, Plaintiff values stolen personally identifiable information at "$40 to $200" or "up to $1,000" and alleges a class of "several thousand individuals."  *Id.* at ¶¶ 46, 48, 70.  "Several thousand" members could fall short of the 5,001 persons required to exceed $5,000,000, even assuming each class member is entitled to at least $1,000.  In any event, Plaintiff has not met her burden of sufficiently alleging CAFA's amount in controversy requirement.  28 U.S.C. § 1332(d)(2).

      Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction**.  Plaintiff must file a written response to this Order by **October 14, 2025**.  Defendant shall file its response to Plaintiff's filing, if any, by **October 28, 2025**.  Neither response may exceed ten pages.  Failure to timely respond, or failure to adequately support the basis for this Court's jurisdiction, may result in the dismissal of this action.

**IT IS SO ORDERED.**